# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLD CHASER HOLDING LIMITED, a Cayman Islands entity,<br><br>Plaintiff,<br><br>v.<br><br>SEAON GLOBAL, LLC, a Delaware limited liability company, and SEAON, LLC, a Delaware limited liability company,<br><br>Defendants. | CIVIL ACTION<br><br>No. |

## COMPLAINT

Plaintiff, Gold Chaser Holding Limited ("Gold Chaser" or "Plaintiff"), brings this Complaint, by its undersigned attorneys, against Defendants Seaon Global, LLC ("Seaon Global" or "Borrower") and Seaon, LLC ("Seaon, LLC" or "Pledgor").

Plaintiff alleges upon information and belief as follows:

## PARTIES

1. At all relevant times, Plaintiff Gold Chaser was and is a foreign corporation organized and existing under the laws of the Cayman Islands with its principal place of business and registered address at 26/F Everbright Centre, 108 Gloucester Road, Wanchai, Hong Kong 999077.

2. Upon information and belief, at all relevant times, Defendant Seaon Global was and is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the state of Arizona and a registered address of 2055 E. Warner Road, Tempe, AZ 85284.

3. Season Global's Delaware registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Upon information and belief, at all relevant times, Defendant Seaon, LLC was and is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in the state of Arizona and a registered address of 2055 E. Warner Road, Tempe, AZ 85284.

5. Seaon, LLC's Delaware registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6. Jurisdiction in the United States District Court for the District of Delaware is based upon 28 U.S.C. §1332 as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and the action is between Plaintiff, a citizen of the Cayman Islands, and Defendants, who are Delaware limited liability companies.

7. Venue is proper in the United States District Court for the District of Delaware based on 28 U.S.C. 1391(b)(3) as the Defendants are subject to this Court's personal jurisdiction with respect to the instant action.

## FACTUAL ALLEGATIONS

8. On or about December 27, 2018, Plaintiff, as lender, executed and delivered a Loan and Security Agreement (the "Loan Agreement") to Seaon Global as Borrower and Seaon, LLC as Pledgor, evidencing certain terms and conditions for Plaintiff to advance a commercial loan in the amount of not more than $4,000,000.00. A true and correct copy of the Loan Agreement is attached hereto and made a part hereof as Exhibit A.

9. The Loan Agreement provides, in part, that Plaintiff shall advance to Borrower a loan in the aggregate amount of $1,000,000.00 (the "Initial Loan") on the date of the Loan Agreement and an additional $1,000,000.00 on or before January 15, 2019 (the "Second Loan").

10. In accordance with its obligations under the Loan Agreement, Plaintiff advanced to Borrower the Initial Loan in the amount of $1,000,000.00.

11. The Loan Agreement also provides, *inter alia*, that Plaintiff shall have no obligation to make any Loan except in its sole and absolute discretion. Exhibit A at pp. 14.

12. The Loan Agreement defines Event of Default as, *inter alia*, the Borrower's failure to make any payment to Plaintiff when due and owing in accordance with the terms of the Loan Agreement. Exhibit A at pp. 16.

13. In order to induce Plaintiff to enter into the Loan Agreement with Borrower, Seaon, LLC, as party to the Loan Agreement, provided security for Borrower's payment and performance of its obligations under the Loan Agreement. Specifically, Seaon, LLC, as Pledgor, absolutely and unconditionally assigned, pledged, and granted to Plaintiff a continuing security interest in "all limited liability company interests of Pledgor (in each case whether now or hereafter exiting, owned, arising, or acquired) in Borrower and the certificates, if any, representing such limited liability company interests, and any interest of Pledgor on the books and records of Borrower, and all dividends, distributions, cash, warrants, rights, options, instruments, securities and other property and proceeds from time to time received, receivable or otherwise distributed in respect of or in exchange for any or all of such limited liability company interests." (the "Seaon Collateral") *See* Exhibit A at pp. 5, 6 and 9.

14. Seaon, LLC holds a seventy-one percent (71%) ownership interest in Seaon Global.

15. Furthermore, in order to induce Plaintiff to enter into the Loan Agreement with Borrower, as security for the payment and performance of its obligations under the Loan Agreement, Borrower assigned, pledged, and granted to Plaintiff a continuing security interest in the assets and proceeds of four (4) barges owned by Borrower (the "Seaon Global Collateral" and together with the "Seaon Collateral," the "Collateral"). *See* Exhibit A at p. 9 and Schedule 1.1 of the Loan Agreement.

16. The Loan Agreement creates in favor of Plaintiff a legal, valid, and continuing and enforceable security interest in the Collateral. Exhibit A at p. 13.

17. In accordance with the terms of the Loan Agreement, Defendants were required to prepare and file UCC Financing Statements with the Secretary of State of the State of Delaware, naming Defendants as grantors and Plaintiff as a secured party, to perfect Plaintiff's security interests in the Collateral. Exhibit A at pp. 13.

18. On or about January 9, 2019, Seaon, LLC filed a UCC Financing Statement covering the Seaon Collateral. A true and correct copy of the UCC Financing Statement is attached hereto and made a part hereof as Exhibit B.

19. The Loan Agreement provides, in relevant part, that "to the fullest extent permitted by applicable Law, [Seaon, LLC] hereby waives any and all rights or defenses arising by reason of applicable Law which would otherwise require any election of remedies by [Plaintiff]. [Seaon, LLC] waives promptness, diligence, notice of the acceptance, presentment, demand for payment, notice of non-performance, default, dishonor and protect, notice of any Obligations incurred and all other notices of any kind . . ., all defenses which may be available by virtue of any valuation, stay, moratorium law or other similar applicable Law now or hereafter in effect, any right to require

marshalling of assets, and all suretyship defenses generally (other than fraud or willful misconduct by [Plaintiff] or any of its Affiliates.)." Exhibit A at p. 9.

20. Upon information and belief, Borrower never filed a UCC Financing Statement covering the Seaon Global Collateral.

21. In accordance with its rights under the Loan Agreement, Plaintiff did not advance the Second Loan to Seaon Global due to its failure to perfect Plaintiff's security interest in the Seaon Global Collateral.

22. Upon information and belief, on November 4, 2019, Borrower informed Plaintiff that it will not be able to repay the loan and requested an extension of time to facilitate repayment of the Initial Loan amount.

23. On or about April 9, 2020, Plaintiff and Defendants entered into the First Amendment to the Loan Agreement (the "First Amendment"), which modified the terms of the Loan Agreement by, *inter alia,* (1) changing the maturity date of the loan from March 31, 2020 to September 30, 2020, (2) increasing the outstanding loan principal amount by $100,000 such that the total outstanding principal amount of the loan became $1,100,00.00 (the "Loan"), (3) amending and deleting the first sentence of Section 2.2.2 of the Loan Agreement with the following: "Interest on Loans shall accrue at the rate of (i) 13.5% per annum from and after the date any Loan is advanced up to and including March 31, 2020 and (ii) 18.5% per annum, calculated on the Increased Loan Principal from and after April 1, 2020 . . . ," and (4) providing for a Management Fee of 15 basis points per month. A true and correct copy of the First Amendment is attached hereto and made a part hereof as Exhibit C.

24. The First Amendment states that "this First Amendment and the Loan Agreement shall be read as one integral document." Exhibit C at p. 4. (Hereinafter, the "First Amendment" and "Loan Agreement" are referred to collectively as the "Loan Agreement").

25. Although Seaon Global paid the monthly interest payments on the Loan from December 28, 2020 through March 31, 2020, Seaon Global failed to pay the full amount of interest owed on the Loan from April 1, 2020 through September 30, 2020, paying only 13.5% instead of the 18.5% the Loan Agreement provides for. Seaon Global also failed to repay any interest, in part or in full, from September 30, 2020 to date.

26. Seaon Global failed to repay the Loan principal to Plaintiff, in part or in full, by the September 30, 2020 maturity date.

27. On or about April 22, 2021, Plaintiff sent a demand letter to Seaon Global and Seaon, LLC demanding payment in the sum of $1,261,530.41, as the total amount of Principal, management fees and interest up to and including April 22, 2021. A true and correct copy of the Demand Letter is attached hereto and made a part hereof as Exhibit D.

28. Borrower is in default of its express obligations under the Loan Agreement by failing to repay the Loan as required under the Loan Agreement and by otherwise failing to comply with the terms and conditions thereof.

29. As a result of Borrower's default, Plaintiff is entitled to enforce its rights to payment and performance of the Borrower's obligations under the Loan Agreement against Plaintiff's interest in the Seaon, LLC Collateral.

30. Borrower and Pledgor have been notified of Borrower's default, and to date, have failed and refused to pay any amount due and owing to Plaintiff.

31. In accordance with the Loan Agreement, upon default thereof, Plaintiff is entitled to the entire unpaid principal balance, interest, and reasonable attorneys' fees.

32. The First Amendment provides, *inter alia*, that the interest on the Loan shall accrue at the rate of 13.5% per annum from the date the Loan is advanced up to and including March 31, 2020, and 18.5% per annum, calculated on the increased Loan Principal from and after April 1, 2020. Exhibit C at pp. 6.

33. The Loan Agreement provides that it "shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to any choice of law, rules or principles to the contrary." Furthermore, the terms of the Loan Agreement provide that the parties expressly waive their right to a trial by jury in any action or proceeding arising out of or in connection with the Loan Agreement, First Amendment and the Collateral.

34. The Loan Agreement provides for Plaintiff's recovery of Attorneys' Fees. Specifically, the Loan Agreement provides that "Borrower shall pay to Lender on demand the full amount of all out-of-pocket expenses, charges, costs, taxes, and fees including, without limitation, reasonable outside counsel fees, whether incurred prior to the institution of any suit or other proceeding otherwise, incurred by or on behalf of Lender in connection with . . . the perfection, collection, maintenance, preservation, inspection, insuring, defense, protection, realization upon, disposition, sale or enforcement of all or any part of the Collateral or the enforcement or collection of the Obligations."

35. Pursuant to the provisions of the Loan Agreement, Plaintiff hereby demands repayment in full of the amounts due and owing under the Loan Agreement as of June 1, 2021, in the amount of $1,306,395.33, calculated as follows:

**Loan Agreement Obligation**

| | |
|---|---:|
| Principal Due | $1,100,000.00 |
| Interest due through June 1, 2021 | $166,487.83 |
| Management Fees | $13,255 |
| Attorneys' Fees | $26,652.50 |
| **Total** | **$1,306,395.33** |

36. Plaintiff has fully, and in good faith performed all conditions and obligations under the Loan Agreement.

37. Borrower and Pledgor have failed and/or refused to comply with the terms and conditions of the Loan Agreement.

38. Borrower and Pledgor are liable for all of the material and probable consequences of their breach.

## COUNT I
## As to Seaon Global

39. Plaintiff incorporates paragraphs 1-38 above as if the same were set forth more fully at length herein.

40. The Loan Agreement provides, *inter alia*, that upon the occurrence of default, Lender may declare the entire unpaid balance of the Loan due and payable immediately, without notice or demand of any kind.

41. In accordance with the terms of the Loan Agreement, Borrower is in default by having failed to repay the principal amount of the Loan plus certain interest payments and management fees when due in accordance with its duties and obligations under the Loan Agreement.

42. Upon Borrower's default, on or about April 22, 2021, Plaintiff sent a Demand Letter to Borrower demanding payment of the sum of $1,261,530.41 as the total amount of the

Principal, management fees and interest up to and including April 22, 2021, as required under the Loan Agreement.

43. Borrower has not paid any sum due and owing under the Loan Agreement despite due demand by Plaintiff.

44. Borrower has also breached the express terms of the Loan Agreement by failing to file a UCC Financing Statement covering the Seaon Global Collateral with the Secretary of State of the State of Delaware, in accordance with its respective duties and obligations under the Loan Agreement.

45. Plaintiff has fully, and in good faith performed all conditions and obligations under the Loan Agreement with Borrower.

46. Borrower has failed and/or refused to comply with the terms and conditions of the Loan Agreement.

47. Borrower is liable for all of the material and probable consequences of its breach.

**WHEREFORE**, as to Count I, Plaintiff demands judgment against Defendant, Seaon Global in the amount of $1,306,395.33, plus interest in accordance with the terms of the Loan Agreement from and including January 15, 2019 and continuing, all additional reasonable attorneys' fees and costs incurred by Plaintiff; and such other and further relief as this Court deems appropriate.

### COUNT II
### As to Seaon, LLC

48. Plaintiff incorporates paragraphs 1-47 above as if the same were set forth more fully at length herein.

49. Delaware Uniform Commercial Code § 9-102(73) defines a "secured party" as "a person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding."

50. Delaware Uniform Commercial Code § 9-607(a)(1) states that "in any event after default, a secured party . . . may notify an account debtor or other person obligated on collateral to make payment or otherwise render performance to or for the benefit of the secured party." Delaware Uniform Commercial Code § 9-607(a)(3) states that "in any event after default, a secured party . . . may enforce the obligations of an account debtor or other person obligated on collateral and exercise the rights of the debtor with respect to the obligation of the account debtor or other person obligated on collateral to make payment or otherwise render performance to the debtor, and with respect to any property that secures the obligations of the account debtor or other person obligated on the collateral."

51. Moreover, Delaware Uniform Commercial Code § 9-607(c) states:

> c) Commercially reasonable collection and enforcement.--A secured party shall proceed in a commercially reasonable manner if the secured party:
> (1) undertakes to collect from or enforce an obligation of an account debtor or other person obligated on collateral; and
> (2) is entitled to charge back uncollected collateral or otherwise to full or limited recourse against the debtor or a secondary obligor.

52. Pledgor has provided security for Borrower's payment and performance of its obligations under the Loan Agreement by assigning, pledging, and granting to Plaintiff a continuing security interest in the Seaon, LLC collateral.

53. Plaintiff is therefore a secured party as it owns the security interest provided for in the Loan Agreement including the Seaon, LLC collateral.

54. Pursuant to Delaware Uniform Commercial Code § 9-607(a)(1), Plaintiff is foreclosing on the collateral under the Loan Agreement, specifically the Seaon, LLC Collateral,

by collecting the amount due from Pledgor, "the other person obligated on collateral," under the Loan Agreement.

55. Furthermore, Pledgor has expressly waived any and all rights or defenses arising by reason of any applicable law which would require any election of remedies by Plaintiff and, with certain limited exceptions noted in the Loan Agreement, any and all defenses to Plaintiff's right to enforce Borrower's obligations under the Loan Agreement against the Seaon, LLC Collateral in the event of a default by Borrower. Thus, as a result of Seaon Global's default, Plaintiff can enforce Pledgor's obligations under the Loan Agreement even when Plaintiff has not exhausted its remedies against anyone else obligated to pay Borrower's indebtedness.

56. Moreover, pursuant to Delaware Uniform Commercial Code § 9-607(c), Plaintiff is proceeding "in a commercially reasonable manner" as Plaintiff has made demands on Pledgor and Borrower for payment of the amounts due and owing under the Loan Agreement. Defendants have provided no meaningful response to the demands.

57. Pledgor has been notified of Borrower's default, and to date, has failed and refused to pay any amount due and owing to Plaintiff.

58. In accordance with the terms of the Loan Agreement, upon default thereof, Plaintiff is entitled to recover payment of the full amount of the unpaid principal loan balance, interest, management fees, and reasonable attorneys' fees against the Seaon, LLC Collateral.

59. The terms of the Loan Agreement provide: "Any proceeds of sale or other disposition of the Collateral will be applied by Lender to the payment of any and all Lender Costs, taxes, and fees owed to Lender, and any balance of such proceeds will be applied by Lender to the payment of the balance of the Obligations in such order and manner of application as Lender may from time to time in its sole and absolute discretion determine. If the sale or other disposition of

the Collateral fails to fully satisfy the Obligations, Borrower shall remain liable to Lender for any deficiency.  Any and all proceeds remaining after satisfaction of the Obligations shall be remitted to Borrower."

60. Plaintiff has fully, and in good faith, performed all conditions and obligations under the Loan Agreement.

61. Pledgor has failed and/or refused to comply with the terms and conditions of the Loan Agreement.

62. Pledgor is in breach and/or default of its obligations under the Loan Agreement.

63. Pledgor is liable for all of the material and probable consequences of its breach.

**WHEREFORE**, as to Count II, Plaintiff demands judgment against Defendant, Seaon, LLC (i) in the amount of the outstanding amount of the Loan in the amount of $1,306,395.33, plus interest in accordance with the terms of the Loan Agreement from and including January 15, 2019 and continuing; and (ii) ordering the sale, turnover or other disposition of the Seaon, LLC Collateral with the proceeds to be applied by Plaintiff to the payment of, and all additional reasonable attorneys' fees and costs incurred, and such other and further relief as this Court deems appropriate.

DATED this 1st day of June, 2021.

                    **THE ROSNER LAW GROUP LLC**

                    */s/ Jason A. Gibson*
                    Frederick B. Rosner (DE 3995)
                    Jason A. Gibson (DE 6091)
                    824 N. Market St., Suite 810
                    Wilmington, DE 19801
                    Tel: (302) 777-1111
                    Email: rosner@teamrosner.com
                             gibson@teamrosner.com

                    and

CLYDE & CO US LLP
Corey R. Greenwald
Attorney-in-Charge
New York Bar No. 4490900
*Pro Hac Vice Application Pending*
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Telephone: 212-710-3964
CoreyR.Greenwald@clydeco.us

**ATTORNEYS FOR GOLD CHASER HOLDING LIMITED**