# Exhibit C

## Gold Chaser Holding Limited

Mr. Warren Carsey
**Seaon Global, LLC**

Mr. Soon Hyoung Lee
**Seaon, LLC**

15 April 2020

Dear Sirs,

We refer to Amendment No.1 to the Loan and Security Agreement dated as of April 9, 2020 entered into between us as Lender and you, SEAON GLOBAL, LLC as Borrower and SEAON, LLC as Pledgor, a copy of which is attached hereto (the **"Amendment"**).

Whereas the Amendment is stated to be effective upon signing by duly authorized signatories of each party and receipt by Lender in cleared and fully available funds of the First Instalment Expenses Fee (as defined in the Amendment) on or before April 9, 2020 at which time it was agreed that the Amendment shall be deemed to be effective on March 31, 2020 and that further if the Amendment does not take effect on or before April 9, 2020, it shall be incapable of taking effect.

Notwithstanding the fact that the First Instalment Expenses Fee was received by Lender in cleared and fully available funds on April 14, 2020, Lender waives such late payment and treats such payment as having been made on 9 April 2020 and, accordingly, the Amendment shall be: (a) treated as having come into effect on April 9, 2020; and (b) deemed to be effective on March 31, 2020.

The waiver set out in this letter shall apply only to the specific circumstances described herein and shall not constitute a further waiver of any new circumstances related thereto or a waiver of any other circumstances.

Please can you sign the attached copy of this letter for acknowledgement and return it to us.

Yours faithfully,

_____

For and on behalf of
**Gold Chaser Holding Limited**

## Gold Chaser Holding Limited

Mr. Warren Carsey
**Seaon Global, LLC**

Mr. Soon Hyoung Lee
**Seaon, LLC**

15 April 2020

Dear Sirs,

We refer to Amendment No.1 to the Loan and Security Agreement dated as of April 9, 2020 entered into between us as Lender and you, SEAON GLOBAL, LLC as Borrower and SEAON, LLC as Pledgor, a copy of which is attached hereto (the **"Amendment"**).

Whereas the Amendment is stated to be effective upon signing by duly authorized signatories of each party and receipt by Lender in cleared and fully available funds of the First Instalment Expenses Fee (as defined in the Amendment) on or before April 9, 2020 at which time it was agreed that the Amendment shall be deemed to be effective on March 31, 2020 and that further if the Amendment does not take effect on or before April 9, 2020, it shall be incapable of taking effect.

Notwithstanding the fact that the First Instalment Expenses Fee was received by Lender in cleared and fully available funds on April 14, 2020, Lender waives such late payment and treats such payment as having been made on 9 April 2020 and, accordingly, the Amendment shall be: (a) treated as having come into effect on April 9, 2020; and (b) deemed to be effective on March 31, 2020.

The waiver set out in this letter shall apply only to the specific circumstances described herein and shall not constitute a further waiver of any new circumstances related thereto or a waiver of any other circumstances.

Please can you sign the attached copy of this letter for acknowledgement and return it to us.

Yours faithfully,

*[signature]*

For and on behalf of
**Gold Chaser Holding Limited**

RECEIPT ACKNOWLEDGED

_____
SEAON GLOBAL, LLC

_____
SEAON, LLC

## AMENDMENT NO.1 TO THE LOAN AND SECURITY AGREEMENT

Amendment No. 1 dated as of April 9 2020 (the "**Amendment**") to the Loan and Security Agreement dated as of December 27, 2018 (the "**Loan Agreement**") by and between SEAON GLOBAL, LLC, a Delaware limited liability company, as borrower ("**Borrower**"), SEAON, LLC, a Delaware limited liability company, as pledgor ("**Pledgor**", and together with Borrower, the "**Loan Parties**" and each individually a "**Loan Party**") and GOLD CHASER HOLDING LIMITED, a Cayman Islands company, as lender ("**Lender**").

WHEREAS, Lender extended the Loan to Borrower as set forth under the Loan Agreement, and

WHEREAS, the parties wish to amend specific terms to the Loan Agreement as set forth herein.

Therefore, in receipt of good and reasonable consideration as agreed upon hereto, the parties agree as follows.

| | |
|---|---|
| **1. Definitions** | All capitalised terms used herein not otherwise defined herein shall have the same meaning as defined in the Loan Agreement. This Amendment shall be considered a Financing Document as expressly contemplated in the definition of "Financing Document". |
| **2. Effective Date** | This Amendment shall be effective upon signing by duly authorised signatories of each party and receipt by Lender in cleared and fully available funds of the First Instalment Expenses Fee (as defined below) on or before April 9, 2020 at which time this Amendment shall be deemed to be effective as of March 31, 2020. If this Amendment does not take effect on or before April 9, 2020, it shall be incapable of taking effect. |
| **3. Maturity Date** | The reference to "March 31, 2020" in the definition of "Maturity Date" in Section 1.1 Certain Defined Terms of the Loan Agreement shall be deleted and substituted with "September 30, 2020" in its place. |

1

| | |
|---|---|
| 4. Increased Loan Principal | Pursuant to the agreement for sale and purchase contained in Section 6, the outstanding principal amount of the Loan shall be increased by US$100,000 such that the total outstanding principal amount of the Loan shall be US$1,100,000 as of April 1, 2020 ("**Increased Loan Principal**"). |
| 5. Interest Rate | Section 2.2.2 of the Loan Agreement shall be amended by deleting the first sentence and inserting the following in its place:<br><br>"Interest on the Loans shall accrue at the rate of (i) 13.5% per annum from and after the date any Loan is advanced up to and including March 31, 2020 and (ii) 18.5% per annum, calculated on the Increased Loan Principal from and after April 1, 2020 (the "**Interest Rate**") and (x) that part of the interest amount attributable to the rate of 13.5% per annum shall be in cash in arrears on the last day of each calendar month and (y) that part of the interest amount attributable to the rate of 5% per annum shall accumulate and be paid in a single payment on the Maturity Date together with the outstanding principal amount of the Loan." |
| 6. Entire Equity Interest: | The parties agree that the Lender will sell and the Borrower shall purchase and/or cancel the 61 Class B Interests (the "**Entire Equity Interest**") that the Lender holds or is entitled to in consideration of an amount of US$100,000 ("**Equity Sale Price**"), the payment of which shall be made in the same manner as it being part of the Loan.<br><br>The Lender acknowledges that the Entire Equity Interest is uncertificated and thus the transfer/redemption of the Entire Equity Interest shall take effect when this Amendment takes effect.  Lender represents and warrants as of the date hereof that: (a) it has the power and authority to enter into this Amendment, including the transfer of the Entire Equity Interest as described herein; and (b) it has legal and beneficial ownership of the Entire Equity Interest and that it has not encumbered the same (but subject to the restrictions and conditions attaching to it described in the Financing Documents).  Lender undertakes as soon as reasonably practicable to sign and deliver any other documents as are reasonable for a seller of such interests to sign |

| | |
|---|---|
| | and deliver, save that Lender shall not be obliged to incur any expenses in doing so. |
| | For this purpose, Maturity Date shall also include a date on which full prepayment is made in accordance with Section 2.1.3 of the Loan Agreement. |
| 7. Management Fee | The interest rate on the management fee of 15 basis points per month paid by Borrower will be calculated using the Increased Loan Principal. |
| 8. Expenses Fee | Borrower shall pay US$80,000 to the Lender as Expenses Fee to cover costs incurred by Lender in connection with this Amendment and prior negotiations in the following manner: (a) the First Instalment Expenses Fee of US$30,000 shall be payable on or before April 9, 2020; (b) the Second Instalment Expenses Fee of US$30,000 shall be payable on or before May 9, 2020; and (c) the Third Instalment Expenses Fee of US$20,000 shall be payable on or before June 9, 2020. Failure to pay the Second Instalment Expenses Fee or the Third Instalment Expenses Fee in accordance with the terms herein shall constitute an Event of Default. |
| 9. No Scheduled Amortization | For the sake of clarity, the parties hereto acknowledge that the Borrower is not scheduled to make any payments of principal until the Maturity Date. |
| 10. Representations, Warranties and Other Provisions | Except as modified by this Amendment, all of the representations, warranties, terms, covenants and conditions of the Agreement shall remain unchanged and in full force and effect. Each Loan Party shall be deemed to make the representations and warranties in Article IV of the Loan Agreement on April 1, 2020 *mutatis mutandis*. |

| | |
|---|---|
| **11. No Waiver** | The Lender, by entering into and performing its obligations under the Loan Agreement, as amended by this Amendment, or by enjoying the benefits hereunder, does not waive any breaches or defaults by Borrower or Pledgor under any of the Financing Documents and nothing herein or contemplated hereby shall constitute a waiver of the same. Accordingly, the Lender shall be entitled to enforce its rights with respect to any prior or ongoing breaches or defaults in accordance with the terms of any of the Financing Documents. |
| **12.** | This Amendment and the Loan Agreement shall be read as one integral document. |
| **13. Applicable Law** | THIS AMENDMENT SHALL BE GOVERNED BY AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE, WITHOUT REGARD TO ANY CHOICE OF LAW, RULES OR PRINCIPLES TO THE CONTRARY. |
| **14. Waiver of Trial by Jury** | EACH PARTY HERETO HEREBY WAIVES TRIAL BY JURY IN OR ANY ACTION OR PROCEEDING TO WHICH THE PARTIES HERETO MAY BE PARTIES, ARISING OUT OF OR IN ANY WAY PERTAINING TO (A) THIS AMENDMENT, (B) ANY OF THE FINANCING DOCUMENTS, OR (C) THE COLLATERAL. THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS, INCLUDING CLAIMS AGAINST PARTIES WHO ARE NOT PARTIES TO THIS AGREEMENT.<br><br>This waiver is knowingly, willingly and voluntarily made by the parties hereto, and each party hereto represents that no representations of fact or opinion have been made by any individual to induce this waiver of trial by jury or to in any way modify or nullify its effect. Each party hereto further represents that they have been represented in the signing of this Amendment and in the making of this waiver by |

4

independent legal counsel, selected of their own free will, and that they have had the opportunity to discuss this waiver with their counsel.

[Remainer of page intentionally left blank; signature page follows]

IN WITNESS WHEREOF, the parties hereto have signed and sealed this Amendment on the date and year first above written.

**BORROWER:**

SEAON GLOBAL, LLC

Signature: _____

Name: Warren Carsey

Title: President

**Mailing Address and Email Address:**
2055 E Warner Road,
Tempe, AZ 85284

email:
warren@seaonglobal.com

**LENDER:**

GOLD CHASER HOLDING LIMITED

Signature: _____

Name: LINDA LU

Title: DIRECTOR

**PLEDGOR:**

SEAON, LLC

Signature: _____

Name: Soon Hyoung Lee

Title: CEO

**Mailing Address and Email Address:**
2055 E Warner Road,
Tempe, AZ 85284

email:
sh54waseda@yahoo.com